# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| NICHOLA FELL, an individual; | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action Number _____** |
| | ) | |
| SEYAH VACATION RENTALS, | ) | **JURY TRIAL DEMANDED** |
| LLC, a domestic company; CRYE | ) | |
| - LEIKE SOUTH, INC., a foreign | ) | |
| corporation, CRYE - LEIKE | ) | |
| GULF COAST d/b/a FLIP FLOP | ) | |
| VACATIONS, LLC, is a domestic | ) | |
| limited liability company; | ) | |
| HOMEAWAY.COM, INC., a | ) | |
| foreign for-profit corporation; | ) | |
| VRBO HOLDINGS, INC., a | ) | |
| foreign for – profit corporation; | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Nichola Fell, by her attorneys, brings this Complaint for damages and demands a jury trial against Defendants, Seyah Vacation Rentals, LLC, Crye-Leike South, Inc., Crye-Leike Gulf Coast, d/b/a Flip Flop Vacations, LLC, HOMEAWAY.COM, INC., and VRBO Holdings, Inc., for her personal injuries arising from a premises liability incident caused by the Defendants, on or about May 18, 2023, in Gulf Shores, Alabama, and states as follows:

1

## PARTIES

1.      Plaintiff, Nichola Fell ("Plaintiff" or "Fell"), is, and at all relevant times has been, a resident citizen of Kansas City, Missouri, and is over nineteen (19) years of age.

2.      Defendant Seyah Vacation Rentals, LLC ("Defendant" or "Seyah"), the owner of the property where the incident occurred, is a limited liability company with its principal address in Gillespie, IL.

3.      Crye-Leike South, Inc. ("Defendant" or "Crye-Leike"), the rental and management company of the property where the incident occurred, is upon information and belief, a foreign for – profit corporation with its principal address located in Memphis, Tennessee.  Upon information and belief, Crye-Leike South, Inc. is a foreign corporation registered to do business in Alabama, and they do active, continuous, and substantial business here.

4.      Crye-Leike Gulf Coast, d/b/a Flip Flop Vacations, LLC, ("Defendant" or "Flip Flop") the rental and management company of the property where the incident occurred.  Upon information and belief, Crye-Leike Gulf Coast, d/b/a Flip Flop Vacations, LLC is domestic limited liability company registered to do business in Alabama, and they do active, continuous, and substantial business here.

5.      The Defendant HomeAway is the parent company of the Defendant VRBO.  HomeAway's principal place of business is located at 11920 Alterra

Parkway, Austin, Texas 78758.  National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801, is the registered agent for Home Away.

6.      Defendant VRBO Holdings Inc. ("Defendant" or "VRBO"), the online rental company of the property where the incident occurred, is upon information and belief, a foreign for – profit corporation with its headquarters and principal place of business located at 11800 Domain Boulevard #300, Austin, Texas 78758. HomeAway is the registered agent for VRBO.

7.      HomeAway and VRBO are not registered to do business in Alabama, yet they do active, continuous, and substantial business here.

## JURISDICTION AND VENUE

8.      There is complete diversity of citizenship between all Plaintiffs and Defendants in this case.  The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

9.      This Court has personal jurisdiction over Defendants Seyah Vacation Rentals, LLC because Defendants maintain extensive contacts with Alabama through their ownership and rental of 6092 Sawgrass Drive, Gulf Shores.

10.      This Court has personal jurisdiction over Defendants Crye-Leike because they do active, continuous, and substantial business in the State by managing and renting properties located in Alabama.

3

11.     This Court has personal jurisdiction over Defendants HomeAway and VRBO because they do active, continuous, and substantial business in the State by renting properties located in Alabama through the Internet.

12.     Venue in this District is proper pursuant to 28 U.S.C. § 1391 given that the events giving rise to the Plaintiff's claims occurred within the District. The incident giving rise to the Plaintiff's claims occurred in Baldwin County, Alabama. Additionally, Alabama is the location of most of the evidence, scene of the incident, and police reports.

## STATEMENT OF THE FACTS

13.     Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

14.     On or about May 18, 2023, Plaintiff Fell was a guest at Defendant Seyah's rental house located at 6092 Sawgrass Drive in Baldwin County, Gulf Shores, Alabama (hereinafter referred to as "Sawgrass House").

15.     On or about May 18, 2023, Seyah Vacation Rentals, LLC was the owner, operator and/or was responsible for managing, maintaining and/or repairing the premises of the Sawgrass House.

16.     On or about May 18, 2023, Crye-Leike and Flip Flop was the rental management company responsible for cleaning, maintenance, and compliance for the Sawgrass House.

17.    On or about May 18, 2023, VRBO Holdings, Inc. was responsible for rentals and bookings for the Sawgrass House. Specifically, VRBO Holdings, Inc. was the company through which Plaintiff discovered and reserved her rental of the Sawgrass House.

18.    The Sawgrass House is a beach house located in the Fort Morgan area of Gulf Shores.

19.    On or about May 18, 2023, Plaintiff had been out to the beach with her family and was using one of the showers of the Sawgrass House to rinse sand off of herself and her then four-month-old baby.

20.    When Plaintiff was getting out of the shower holding her baby, she opened the glass shower door using the handle and the glass shattered onto the floor, cutting her on her right hand and both heels causing open lacerations and bleeding, and partially severing the Achilles tendon on both feet.  Plaintiff was using the shower door in a manner reasonably anticipated for the purposes for which the door was intended.

21.    Defendants Seyah, Crye-Leike, Flip Flop, HomeAway and VRBO Holdings, Inc. knew or should have known the condition of the glass door at issue on May 18, 2023, was likely to cause injury and/or harm to individuals like Fell.

22.    As a proximate consequence of the acts and/or omissions of Defendants, Fell was injured, harmed, and damaged as follows:

a)   Injury and pain to Plaintiff's body;

b)   Pain and suffering;

c)   Medical bills, costs, and expenses;

d)   Out-of-pocket medical costs and expenses; and

e)   Mental anguish and emotional distress.

## COUNT ONE – NEGLIGENCE
### (DEFENDANT SEYAH VACATION RENTALS, LLC)

23.    Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

24.    On the aforesaid date, Fell was a guest at the Sawgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant Seyah.

25.    At all times material hereto, Seyah, as the owners and operators of the Sawgrass House, had a non-delegable duty to properly maintain the property in a reasonably safe manner, and to maintain the property in conformity with the local and state building codes and regulations and the common law of Alabama, so as not to endanger the life and safety of the Plaintiff.

26.    Defendant Seyah was negligent and failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's

Complaint. Said Defendant also negligently managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door.

27.    Defendant Seyah negligently created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain serious injuries and damages, including, but not limited to, the following:

      a.    Injury and pain to Plaintiff's body;

      b.    Pain and suffering;

      c.    Medical bills, costs, and expenses;

      d.    Out-of-pocket medical costs and expenses; and

      e.    Mental anguish and emotional distress.

28.    Defendant Seyah negligently failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, including but not limited to Plaintiff.

29.    As a direct and proximate consequence of the negligence of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWO – NEGLIGENCE
## (DEFENDANT CRYE-LEIKE SOUTH, INC.)

30.     Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

31.     On the aforesaid date, Fell was a guest at the Sawgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant Crye-Leike.

32.     At all times material hereto, Crye-Leike, as the management company of the Sawgrass House, had a non-delegable duty to properly maintain the property in a reasonably safe manner, and to maintain the property in conformity with the local and state budlings codes and regulations and the common law of Alabama, so as not to endanger the life and safety of the Plaintiff.

33.     Crye-Leike was negligent and failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint. Said Defendant also negligently managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door.

34.     Defendant Crye-Leike negligently created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain serious injuries and damages, including, but not limited to, the following:

      a.     Injury and pain to Plaintiff's body;

    b.    Pain and suffering;

    c.    Medical bills, costs, and expenses;

    d.    Out-of-pocket medical costs and expenses; and

    e.    Mental anguish and emotional distress.

35.    Defendant negligently failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, including but not limited to Plaintiff.

36.    As a proximate consequence of the negligence of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT THREE – NEGLIGENCE
### (DEFENDANT CRYE-LEIKE GULF COAST
### d/b/a FLIP FLOP VACATIONS, LLC)

37.    Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

38.    On the aforesaid date, Fell was a guest at the Sawgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant Flip Flop.

39.    At all times material hereto, Flip Flop, as the management company of the Sawgrass House, had a non-delegable duty to properly maintain the property in a reasonably safe manner, and to maintain the property in conformity with the local and state budlings codes and regulations and the common law of Alabama, so as not to endanger the life and safety of the Plaintiff.

40.    Flip Flop was negligent and failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint. Said Defendant also negligently managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door.

41.    Defendant Flip Flop negligently created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain serious injuries and damages, including, but not limited to, the following:

    a.    Injury and pain to Plaintiff's body;

    b.    Pain and suffering;

    c.    Medical bills, costs, and expenses;

    d.    Out-of-pocket medical costs and expenses; and

    e.    Mental anguish and emotional distress.

42.    Defendant negligently failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, including but not limited to Plaintiff.

43.    As a proximate consequence of the negligence of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR – NEGLIGENCE
## (DEFENDANTS HOMEAWAY AND VRBO HOLDINGS, INC.)

44.    Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

45.    On the aforesaid date, Fell was a guest at the Sawgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant VRBO Holdings, Inc.

46.    At all times material hereto, HomeAway and VRBO owned and operated profitable commercial vacation rental companies that advertised, listed, reviewed, approved, and rented the Sawgrass House to vacationers, including the Plaintiff's family, and had a shared duty with Seyah, Crye-Leike and Flip Flop to inspect the property to ensure that it was reasonably safe, free from hazards, and

built and maintained in conformity with local and state building codes and Alabama regulatory and common law.

47.    HomeAway and VRBO were jointly and severally responsible for taking reasonable and necessary steps to assure the Plaintiff's general safety while occupying the Sawgrass House so as not to endanger the lives and safety of the Plaintiff when using the shower on the property.

48.    HomeAway and VRBO breached their duties to the Plaintiff in failing to inspect the property, provide warnings of potential hazards to the shower door, and/or ensure that the Sawgrass House was reasonably safe and free from hazards.

49.    HomeAway and VRBO rented the property to the Plaintiff's family in its hazardous condition.

50.    HomeAway and VRBO were negligent and failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint. Said Defendants also negligently managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door.

51.    HomeAway and VRBO negligently created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain serious injuries and damages, including, but not limited to, the following:

    a.    Injury and pain to Plaintiff's body;

     b.    Pain and suffering;

     c.    Medical bills, costs, and expenses;

     d.    Out-of-pocket medical costs and expenses; and

     e.    Mental anguish and emotional distress.

52.    Defendants negligently failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, including but not limited to Plaintiff.

53.    As a direct and proximate consequence of the negligence of Defendants, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENCE SPECIAL RELATIONSHIP (DEFENDANT SEYAH VACATION RENTALS, LLC)

54.    Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

55.    At all material times, a special relationship existed between Defendant Seyah and Plaintiff Fell due to Seyah's ownership and rental of the Sawgrass House, where Seyah, through Home Away and VRBO, invited and charged guests, such as the Plaintiff, to stay for a duration of time in exchange for payment.  This special

relationship imposed a heightened duty of care upon Seyah to ensure the safety and well-being of their guests.

56.    Despite this special relationship and the heightened duty of care it imposed, Seyah, as owners of the Sawgrass House, negligently failed to maintain the Sawgrass House in a reasonable safe condition.  Specifically, Seyah neglected to adequately warn of the risk of foreseeability of harm of the shower glass, and indeed did, cause injury to guests, including the Plaintiff.

57.    As a direct and proximate result of Seyah's negligence, Fell suffered severe, painful injuries, including, but not limited to, lacerations of the right hand and both heels, and partial severing of both Achilles tendons.

58.    Plaintiff's injuries had a profound impact on her quality of life for a significant period of time and caused distress and suffering.

59.    Seyah's failure to provide a safe environment, despite the special relationship and the foreseeable risk of harm to guests such as Plaintiff Fell, constitutes a breach of the heightened duty of care owed by Seyah to the Plaintiff.

60.    Plaintiff has been damaged in an amount to be determined by the Court, but no less than the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and

punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT SIX – NEGLIGENCE SPECIAL RELATIONSHIP
### (DEFENDANT CRYE-LEIKE SOUTH, INC.)

61.     Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

62.     At all material times, a special relationship existed between Defendant Crye-Leike and Plaintiff Fell due to their management of the Sawgrass House, where Seyah, Crye-Leike, and Flip Flop through Home Away and VRBO, invited and charged guests, such as the Plaintiff, to stay for a duration of time in exchange for payment.  This special relationship imposed a heightened duty of care upon Crye-Leike to ensure the safety and well-being of their guests.

63.     Despite this special relationship and the heightened duty of care it imposed, Crye-Leike, as managers of the Sawgrass House, negligently failed to maintain the Sawgrass House in a reasonable safe condition.  Specifically, Crye-Leike neglected to adequately warn of the risk of foreseeability of harm of the shower glass, and indeed did, cause injury to guests, including the Plaintiff.

64.     As a direct and proximate result of Crye-Leike's negligence, Fell suffered severe, painful injuries, including, but not limited to, lacerations of the right hand and both heels, and partial severing of both Achilles tendons.

65.    Plaintiff's injuries had a profound impact on her quality of life for a significant period of time and caused distress and suffering.

66.    Crye-Leike's failure to provide a safe environment, despite the special relationship and the foreseeable risk of harm to guests such as Plaintiff Fell, constitutes a breach of the heightened duty of care owed by Crye-Leike to the Plaintiff.

67.    Plaintiff has been damaged in an amount to be determined by the Court, but no less than the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT SEVEN – NEGLIGENCE SPECIAL RELATIONSHIP (DEFENDANT CRYE-LEIKE GULF COAST d/b/a FLIP FLOP VACATIONS, LLC)

68.    Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

69.    At all material times, a special relationship existed between Defendant Flip Flop and Plaintiff Fell due to their management of the Sawgrass House, where Seyah, Crye-Leike, and Flip Flop through Home Away and VRBO, invited and charged guests, such as the Plaintiff, to stay for a duration of time in exchange for

payment. This special relationship imposed a heightened duty of care upon Flip Flop to ensure the safety and well-being of their guests.

70.    Despite this special relationship and the heightened duty of care it imposed, Flip Flop, as managers of the Sawgrass House, negligently failed to maintain the Sawgrass House in a reasonable safe condition. Specifically, Flip Flop neglected to adequately warn of the risk of foreseeability of harm of the shower glass, and indeed did, cause injury to guests, including the Plaintiff.

71.    As a direct and proximate result of Flip Flop's negligence, Fell suffered severe, painful injuries, including, but not limited to, lacerations of the right hand and both heels, and partial severing of both Achilles tendons.

72.    Plaintiff's injuries had a profound impact on her quality of life for a significant period of time and caused distress and suffering.

73.    Flip Flop's failure to provide a safe environment, despite the special relationship and the foreseeable risk of harm to guests such as Plaintiff Fell, constitutes a breach of the heightened duty of care owed by Flip Flop to the Plaintiff.

74.    Plaintiff has been damaged in an amount to be determined by the Court, but no less than the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and

punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT EIGHT – NEGLIGENCE SPECIAL RELATIONSHIP (DEFENDANTS HOMEAWAY AND VRBO HOLDINGS, INC.)

75.     Plaintiff adopts and incorporates by reference each of the previous paragraphs as if fully set forth herein.

76.     HomeAway and VRBO, as overseers of the booking, approval, and presentation of Seyah's Sawgrass House to prospective guests, are in a much greater position than the Plaintiffs to assess the relative risks and dangers of properties rented out to the general public, and to implement appropriate safeguards and safety requirements and measures in relation to the Sawgrass House, especially given the nature of the property.

77.     HomeAway and VRBO breached these duties because they took no action to assess the general safety of the Sawgrass House and require that properties such as Seyah's be safe and adequate for guests.

78.     As a direct and proximate result of the special relationship negligence of HomeAway and VRBO, Plaintiff Fell was injured when the glass shower door shattered causing lacerations of the right hand and both heels, and partial severing of both Achilles tendons.

79.     All of Plaintiff's losses and damages are serious, and in substantial amounts within the jurisdictional limits of this Court.

80.    HomeAway and VRBO are responsible for Plaintiff's losses and injuries through their responsibility to oversee the safety and adequacy of the Sawgrass House and their direct and substantial financial and business relationship with Seyah.

81.    Plaintiff Fell has been damaged in an amount to be determined by the Court, but no less than the jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT NINE – WANTONNESS
### (DEFENDANT SEYAH VACATION RENTALS, LLC)

82.    Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

83.    On the aforesaid date, Plaintiff Fell was a guest at the Saltgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant Seyah.

84.    Seyah consciously and with reckless disregard to the safety of others failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint.    Said Defendant wantonly managed,

maintained, inspected, designed, installed, constructed and/or repaired the shower door at issue.

85.     Seyah wantonly created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain and suffer injuries and damages, including, but not limited to, the following:

    a.    Injury and pain to Plaintiff's body;

    b.    Pain and suffering;

    c.    Medical bills, costs, and expenses;

    d.    Out-of-pocket medical costs and expenses; and

    e.    Mental anguish and emotional distress.

86.     Seyah wantonly failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, such as Plaintiff.

87.     As a proximate consequence of the wantonness of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TEN – WANTONNESS
## (DEFENDANT CRYE-LEIKE SOUTH, INC.)

88.     Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

89.     On the aforesaid date, Plaintiff Fell was a guest at the Saltgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Crye-Leike.

90.     Crye-Leike consciously and with reckless disregard to the safety of others failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint.  Said Defendant wantonly managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door at issue.

91.     Crye-Leike wantonly created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain and suffer injuries and damages, including, but not limited to, the following:

      a.     Injury and pain to Plaintiff's body;

      b.     Pain and suffering;

      c.     Medical bills, costs, and expenses;

      d.     Out-of-pocket medical costs and expenses; and

      e.     Mental anguish and emotional distress.

21

92.     Crye-Leike wantonly failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, such as Plaintiff.

93.     As a proximate consequence of the wantonness of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

<u>**COUNT ELEVEN – WANTONNESS**</u>
<u>**(DEFENDANT CRYE-LEIKE GULF COAST**</u>
<u>**d/b/a FLIP FLOP VACATIONS, LLC)**</u>

94.     Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

95.     On the aforesaid date, Plaintiff Fell was a guest at the Saltgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Flip Flop.

96.     Flip Flop consciously and with reckless disregard to the safety of others failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint.    Said Defendant wantonly managed,

maintained, inspected, designed, installed, constructed and/or repaired the shower door at issue.

97.    Flip Flop wantonly created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain and suffer injuries and damages, including, but not limited to, the following:

      a.    Injury and pain to Plaintiff's body;

      b.    Pain and suffering;

      c.    Medical bills, costs, and expenses;

      d.    Out-of-pocket medical costs and expenses; and

      e.    Mental anguish and emotional distress.

98.    Flip Flop wantonly failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, such as Plaintiff.

99.    As a proximate consequence of the wantonness of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT TWELVE – WANTONNESS
## (DEFENDANT HOMEAWAY AND VRBO HOLDINGS, INC.)

100.    Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

101.    On the aforesaid date, Plaintiff Fell was a guest at the Saltgrass House which, on or about the aforesaid date, was owned, leased, managed and/or maintained by Defendant Home Away and VRBO.

102.    Home Away and VRBO consciously and with reckless disregard to the safety of others failed to use reasonable care and diligence to keep the premises in a safe condition for Plaintiff by failing to adequately warn of the condition of the shower door that is the subject of Plaintiff's Complaint.  Said Defendant wantonly managed, maintained, inspected, designed, installed, constructed and/or repaired the shower door at issue.

103.    Home Away and VRBO wantonly created and/or permitted an unreasonably dangerous condition to exist causing Plaintiff to sustain and suffer injuries and damages, including, but not limited to, the following:

      a.    Injury and pain to Plaintiff's body;

      b.    Pain and suffering;

      c.    Medical bills, costs, and expenses;

      d.    Out-of-pocket medical costs and expenses; and

      e.    Mental anguish and emotional distress.

104.   Home Away and VRBO wantonly failed to adequately inspect the shower door on the subject premises so as to keep the premises reasonably safe for individuals, such as Plaintiff.

105.   As a proximate consequence of the wantonness of Defendant, Plaintiff was injured and damaged as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## <u>COUNT THIRTEEN – PREMISES LIABILITY</u>

106.   Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

107.   Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. negligently, recklessly and/or wantonly caused or allowed dangerous conditions to manifest and/or to remain upon the premises in an area that was used by individuals to move around the subject premises.

108.   At the aforesaid time and place, Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. were the owners, maintainers, renters, or lessees of the property and as such had a duty and responsibility to provide

Plaintiff a safe place while using the premises. Further, if any defects in their owned, maintained, or leased premises existed, Defendants had the duty to warn individuals upon the subject premises of hazards of which it knew or should have known that were not easily discoverable.

109.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place to use the premises and by failing to warn her of the hazard and/or defect which she encountered which was known to Defendants or which they negligently failed to detect in their ownership, use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

110.  Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. were owners, maintainers and/or lessees of the property at issue and, as such, said Defendants had the right to and did control the conditions, methods, and manner in which the premises was inspected, maintained, repaired, and configured.

111.  Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff fell to be

unreasonably dangerous and/or hazardous due to the dangerous materials and/or conditions being present upon the premises and causing a hazard, either in and of itself, or in conjunction with the construction, remodeling, modification, repair, maintenance or other procedures used upon the premises or through the schedule of said maintenance or lack of said scheduled maintenance.

112.    Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the premises was maintained and presented to individuals for their use in ambulating and/or traveling about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

113.    Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff.

114.    Defendants Seyah, Crye-Leike, Flip Flop Home Away and VRBO Holdings, Inc. negligently, wantonly, recklessly and/or willfully caused or allowed the dangerous condition to remain in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition and/or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

115.    Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

116.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of the Defendants.

117.    The aforesaid wrongful, negligent, willful and/or wanton conduct of Defendants Seyah, Crye-Leike, Flip Flop, Home Away and VRBO Holdings, Inc. combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

118.    As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as stated above.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands judgment against the Defendants, and/or fictitious defendants, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## **<u>AD DAMNUM CLAUSE</u>**

119.    Plaintiff adopts and incorporates each of the foregoing paragraphs as if fully set forth herein.

120.    Plaintiff alleges that the conduct of the Defendants caused the accident giving rise to this lawsuit. As a proximate consequence of the negligent and/or wanton conduct of the Defendants, Plaintiff suffered injuries and damages as described above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount that is mete, just and proper.

### **PLAINTIFF REQUESTS TRIAL BY STRUCK JURY.**

 _/s/. M. Todd Wheeles_
M. Todd Wheeles (ASB-5177-I65W)
Meredith W. Carpenter (ASB-9163-D20M)
*Attorneys for Plaintiff*

**<u>OF COUNSEL:</u>**
Wheeles & Garmon, LLP
5000 Southlake Park, Suite 150
Birmingham, Alabama 35244
Telephone: (205) 593-4934
Facsimile: (205) 593-4972
Email: todd@wheelesgarmonattorneys.com
         meredith@wheelesgarmonattorneys.com

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH SUMMONS AND COMPLAINT IN THIS MATTER, VIA CERTIFIED MAIL AT THE ADDRESS LISTED BELOW:**

Seyah Vacation Rentals, LLC
c/o Mark Christopher Hayes
202 Clark Street
Gillespie, IL 32033

Crye-Leike South, Inc.
c/o Zelda Lanza
809 Shoney Drive, Suite100
Huntsville, AL 35801

Crye-Leike Gulf Coast d/b/a Flip Flop Vacations, LLC
c/o David Stidham
229 East 20th Avenue, Ste. 1
Gulf Shores, AL 36542

VRBO Holdings, Inc.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, Delaware 19801

HOMEAWAY.COM, INC.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, Delaware 19801