IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLA FELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0161-WS-B |
| | ) |
| SEYAH VACATION RENTALS, LLC, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant HomeAway.com, Inc. ("HomeAway") to dismiss. (Doc. 30). The interested parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 30, 30-1, 38, 38-1, 40, 41, 46), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

## BACKGROUND

The instant motion was filed when the original complaint was the operative pleading. Since then, the plaintiff has filed four amended complaints. The first three amended complaints were required by the Court in order to address deficiencies in the plaintiff's pleading of subject matter jurisdiction as noted by the Court in various orders entered after the case was transferred to the undersigned. The fourth amended complaint was sought by the plaintiff, prior to transfer, for the primary purpose of eliminating two originally named defendants, though it also made two additional allegations relevant to the instant motion. Over HomeAway's objection, the Court granted leave to file the fourth amended complaint. (Doc. 51). Because HomeAway's opposition offered argument concerning the two new allegations, and because the plaintiff declined to address them in her reply brief on motion to amend, the Court declared the briefing

closed. (*Id.*). On the instant motion, the Court considers the original briefing, plus HomeAway's brief in opposition to amendment, as applied to the fourth amended complaint.[1]

According to the fourth amended complaint, (Doc. 52), Sawgrass House ("the Property") is a rental house in Baldwin County. One defendant ("Seyah") owns the Property. A second defendant ("Flip Flop") is the rental and management company for the Property. The third defendant, HomeAway, is the online platform where the Property was listed and was where the plaintiff discovered, and reserved her rental of, the Property. While a guest on the Property, the plaintiff suffered personal injury. The fourth amended complaint's ten counts assert claims for negligence, wantonness, and premises liability against each of the three remaining defendants.

## DISCUSSION

HomeAway moves to dismiss for lack of personal jurisdiction and for failure to state a claim.[2]

---

[1] The fourth amended complaint is not identical to the proposed amended complaint appended to the plaintiff's motion for leave to amend. In part, this reflects clarifications of subject matter jurisdiction that appeared in the amended complaints filed in the interim between the filing of the motion for leave to amend and the order granting leave. It also reflects altered treatment of the eliminated defendants, going from retention of references to, and counts directed towards, them to elimination of both.

However, the fourth amended complaint also alters the allegations regarding the Court's personal jurisdiction over Home Away. (Doc. 52, ¶¶ 4, 8). Because these alterations were not part of the proposed amended complaint, because the plaintiff neither sought nor obtained leave to make them, and because the Court explicitly directed the plaintiff not to make changes from the proposed amended complaint, (Doc. 51 at 2), these unapproved changes are illegitimate and will not be considered on the instant motion. The plaintiff is **ordered** to show cause, on or before **September 25, 2025**, for her violation of the Court's order.

[2] The motion was filed jointly by HomeAway and by co-defendant Vrbo Holdings, Inc. ("Vrbo"). (Doc. 30 at 1). Because Vrbo was eliminated as a defendant by the fourth amended complaint, the motion to dismiss as to Vrbo is **denied as moot**.

## I. Personal Jurisdiction.

HomeAway presents extensive argument and evidence to support its position that the Court lacks both general and specific personal jurisdiction over it. (Doc. 30 at 10-22). The plaintiff's response is less detailed, but it offers *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), as supplying the proper personal jurisdiction analysis in the internet context. (Doc. 38 at 12). In its reply, HomeAway summarily brushes aside *Zippo* as "inapplicable," (Doc. 40 at 5), but the Court is not persuaded. "[M]any" appellate courts "have largely based their analysis on" some version of the *Zippo* analysis, *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1219 n.26 (11th Cir. 2009), and the Eleventh Circuit has not ruled out doing so. *Id.*; *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 n.10 (11th Cir. 2013). Numerous sister courts within the Eleventh Circuit have employed some form of *Zippo*, and courts considering defendants with similarities to HomeAway have found personal jurisdiction while employing a *Zippo* or *Zippo*-influenced analysis.[3] The Court notes as well that HomeAway has not addressed *Del Valle v. Trivago GmbH*, 56 F.4th 1265 (11th Cir. 2022), in which the Eleventh Circuit, without invoking *Zippo*, found personal jurisdiction over travel booking website defendants.

Because HomeAway has failed to show either that its analysis is the only proper one or that analysis under *Zippo* or *Del Valle* would not support personal jurisdiction, its motion to dismiss for want of personal jurisdiction is due to be denied.

## II. Failure to State a Claim.

The fourth amended complaint asserts against HomeAway the following claims: negligence (Count Three); "negligence special relationship" (Count Six); wantonness (Count Nine); and premises liability (Count Ten). HomeAway argues that the pleading

---

[3] *See Johnson v. Braun*, 2025 WL 964678 (E.D. Tenn. 2025); *Matthew-Ajayi v. Airbnb, Inc.*, 2024 WL 1769186 (D. Md. 2024); *Hlad v. Hirsch*, 2024 WL 1197516 (M.D. Pa. 2024); *Foresta v. Airbnb, Inc.*, 2024 WL 329524 (E.D. Pa. 2024); *Marshall v. Hipcamp*, Inc., 2023 WL 8627671 (D. Ore. 2023).

3

fails to state a claim under any of these theories. It also argues that the fourth amended complaint should be dismissed as a shotgun pleading.

In its reply brief, HomeAway insists that the plaintiff "effectively conceded" the 12(b)(6) motion by her failure to "substantively address" its arguments. (Doc. 40 at 12-13). The undersigned has carefully considered this common argument and rejected it as unsupported by either the Federal Rules of Civil Procedure or the Eleventh Circuit opinions on which certain sister courts have relied in reaching a contrary conclusion. *Gailes v. Marengo County Sheriff's Department*, 916 F. Supp. 2d 1238, 1241-44 (S.D. Ala. 2013). HomeAway offers no reason the Court should reconsider this ruling, and the Court declines to do so.

### A. Negligence.

When a person is injured on the property of another, under Alabama law her available causes of action against the landowner depend on how she was injured. If the injury resulted from the condition of the property, the standards of premises liability obtain; if the injury resulted from the landowner's active conduct, traditional negligence standards apply. *Baldwin v. Gartman*, 604 So. 2d 347, 348-49 (Ala. 1992). Even a transitory condition may still be governed by premises liability principles. *E.g., id*. (a slab positioned on a dolly for a few moments before falling was a condition of the premises).

HomeAway argues that the plaintiff was injured by a condition of the premises and that she therefore can have no cause of action dependent on traditional negligence standards. (Doc 30 at 23-24). The plaintiff alleges she was injured when a glass shower door shattered, which is unquestionably a condition of the premises. However, the rule as expressed in HomeAway's own authorities addresses only the liability of landowners, and HomeAway has shown neither that it is sued only as a landowner nor that the exclusion of traditional negligence standards extends beyond landowners.

HomeAway next argues that the fourth amended complaint fails to allege facts supporting the existence of a duty running from HomeAway to the plaintiff. The

existence of a duty, it says, is a legal question for the Court, and "'the key factor is whether the injury was foreseeable by the defendant.'"  (Doc. 30 at 23 (quoting *DiBiasi v. Joe Wheeler Electric Membership Corp.*, 988 So. 2d 454, 461 (Ala. 2008) (internal quotes omitted)).  HomeAway argues the fourth amended complaint fails to allege any facts plausibly suggesting that it, as "*a website*, could have foreseen" plaintiff being injured by the shower door.  (Doc. 30 at 24 (emphasis in original)).

      HomeAway's cursory treatment is unequal to the task.  For starters, HomeAway is not a website but a company that operates a website, (Doc. 30-1 at 2), and companies can of course owe duties to others.  Second, HomeAway ignores the factual allegation that it reviewed and approved the Property.  (Doc. 52 at 11).  Third, HomeAway engages in no foreseeability analysis, either in general or relative to the plaintiff's allegations, much less with reference to any Alabama cases wrestling with foreseeability issues.  Fourth, Home Away ignores all the other factors informing the duty inquiry as identified by its own authority, including:  public policy; social considerations; the nature of the defendant's activity; the relationship between the parties; and the type of injury or harm threatened. *DiBiasi*, 988 So. 2d at 461.  HomeAway's failure to meaningfully address the complex issue of duty effectively dooms its motion.

      **B.  Special Relationship.**

      Count Six alleges that HomeAway, as overseer of the booking, approval, and presentation of the Property to prospective guests, was "in a much greater position than the Plaintiffs [sic] to assess the relative risks and dangers of properties rented out to the general public" and take appropriate safety steps, and it alleges further that this asymmetry supports a claim for "special relationship negligence."  (Doc. 52 at 16). HomeAway argues that this is an invalid basis for liability.  (Doc. 30 at 25-26).

      Alabama recognizes that a "special relationship" can give rise to a duty to protect from physical harm, but only in the context of criminal acts of a third party.  *E.g., Pipkins v. City of Hoover*, 134 F.4th 1163, 1174-75 (11th Cir. 2025).  The plaintiff alleges no criminal conduct by anyone.  Whatever impact HomeAway's alleged relative advantage

in assessing the Property's safety may have in the general duty analysis discussed in Part II.A, it does not furnish the plaintiff a separate claim.

### C. Premises Liability.

HomeAway acknowledges that, for purposes of applying Alabama's premises liability principles, the plaintiff was an invitee. (Doc. 30 at 24). The duty owed an invitee is "to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided." *South Alabama Brick Co. v. Carwie*, 214 So. 3d 1169, 1176 (Ala. 2016) (emphasis and internal quotes omitted). HomeAway does not argue that the fourth amended complaint fails to allege that the shower door presented a dangerous condition.

Instead, HomeAway argues that the operative complaint contains no factual allegations making it plausible that HomeAway had a duty to warn the plaintiff of the allegedly dangerous condition. In particular, HomeAway asserts there are no alleged "facts that could plausibly establish that [it] had or should have had knowledge (much less superior knowledge) of" a dangerous shower door. (Doc. 30 at 24). As noted, however, the fourth amended complaint alleges that HomeAway reviewed and approved the Property, (Doc. 52 at 11, 16), and HomeAway does not explain why that allegation would not make it plausible that it should have known of the dangerous condition. Nor does HomeAway acknowledge the principle that, "once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident." *Mims v. Jack's Restaurant*, 565 So. 2d 609, 610 (Ala. 1990); *accord Byrne v. Fisk*, 385 So. 3d 973, 982-83 (Ala. 2023). Although *Mims* addressed proof rather than pleading, it appears to suggest that an allegation that the plaintiff was injured by a defective condition

encompasses a plausible allegation that the defendant was actually or constructively aware of the condition.

### D. Wantonness.

HomeAway argues that, because the negligence claims must go out for want of a duty, the wantonness claim must fail as well. (Doc. 30 at 26). As discussed above, however, the claims based on ordinary negligence and premises liability survive HomeAway's motion to dismiss.

HomeAway also argues that dismissal is required because the fourth amended complaint does not allege that HomeAway "consciously and intentionally did some wrongful act or omitted some known duty." (Doc. 30 at 26). Count Nine, however, expressly alleges that HomeAway "consciously" failed to perform its duty to use reasonable care to keep the premises safe or warn of its dangerous condition. (Doc. 52 at 20).

### E. Shotgun Pleading.

HomeAway argues that the fourth amended complaint constitutes an impermissible shotgun pleading for three reasons: (1) each count adopts and incorporates all preceding allegations; (2) the pleading contains legal conclusions and arguments masquerading as facts; and (3) the premises liability claim is alleged against all three defendants. HomeAway insists that dismissal under Rule 12(b)(6) is required by *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). (Doc. 30 at 27-29).

*Weiland* is an interesting choice, since it held that the lower court abused its discretion in dismissing portions of a complaint as a shotgun pleading. 792 F.3d at 1326. In *Weiland*, each count incorporated all 49 paragraphs of factual allegations, even though not all of these paragraphs were relevant to each claim. While technically improper, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id*. at 1324. In fact, "[t]he task of figuring out"

which of the 49 factual paragraphs were relevant to the dismissed counts "is hardly a task at all." *Id*. at 1324-25.

As in *Weiland*, so here. Eighteen numbered paragraphs precede Count One, and they make pellucid, separate allegations regarding the status and responsibilities of each defendant, along with a description of the Property, the plaintiff's encounter with the shower door, and her resulting injuries. (Doc. 52 at 1-7). Then, Count One asserts a negligence claim against Seyah, Count Two a negligence claim against Flip Flop, and Count Three a negligence claim against HomeAway. The pattern is repeated in Counts Four through Six (special relationship negligence) and Counts Seven through Nine (wantonness), before Count Ten asserts a premises liability claim against all three defendants. While each count adopts and incorporates all preceding paragraphs, including those in preceding counts, the counts are so carefully carved out that no minimally attentive litigant could fail to understand precisely what is asserted in each count against each defendant.

Count Three, for example, describes in detail HomeAway's connection to the Property, its actions and duties, and how it breached them. (Doc. 52 at 11-12). While Count Three adopts and incorporates by reference the similar but distinct allegations regarding Seyah in Count One and Flip Flop in Count Two, it is patently obvious that the allegations of Counts One and Two address only those defendants, not HomeAway. So also with Counts Six and Nine. It is equally obvious that the allegations of Count Three do inform Counts Six and Nine and that the allegations of Count Six also inform Count Nine.

Remarkably, the defendant nevertheless asserts that this incorporation "renders it virtually impossible to determine which factual allegations relate to which defendants." (Doc. 30 at 29). In a word, no. The foregoing discussion should make that point clear enough, and HomeAway has identified not a single point as to which it is actually confused. "What's more, both [HomeAway] and the District Court understood the claims well enough to address their merits -- [HomeAway] in a motion to dismiss, and the District Court in an order [addressing] that motion." *Pinson v. JPMorgan Chase Bank*,

942 F.3d 1200, 1208 (11th Cir. 2019) (declining to dismiss a complaint as a shotgun pleading even though each count adopted all preceding allegations).

Although HomeAway characterizes the use of legal conclusions and arguments disguised as facts as a form of shotgun pleading, (Doc. 30 at 28), it is not, as HomeAway's own authority reflects. *Weiland*, 792 F.3d at 1322-323 (identifying the four recognized types of shotgun pleading).

Finally, HomeAway objects to Count Ten on the unusual ground that it "asserts a claim for 'premises liability' against *all* defendants within the same count, failing to identify which defendant the claim is purportedly directed to." (Doc. 30 at 28-29 (emphasis in original)). A claim asserted against all defendants is, by definition, purportedly directed to all defendants. There is no confusion there, and no pleading violation.

## CONCLUSION

For the reasons set forth above, HomeAway's motion to dismiss is **granted** with respect to Count Six and is in all other respects **denied**. Count Six is **dismissed**.

DONE and ORDERED this 11th day of September, 2025.

<u>s/ WILLIAM H. STEELE</u>
UNITED STATES DISTRICT JUDGE